IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS. | § | CIVIL ACTION NO. 1:91-CR-118 |
| JAMES RILEY CORNETT, JR. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Defendant James Riley Cornett, Jr., proceeding *pro se*, filed objections to the order granting the government's motion to direct payment of funds. Defendant also moved to discharge his obligation to pay restitution, for a declaratory judgment that the forfeiture of his home was improper, and for an evidentiary hearing.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Defendant was convicted in the Eastern District of Texas of violations of 18 U.S.C. §§ 2252 and 2511. On August 27, 1992, defendant was sentenced to 120 months of imprisonment, and fined $15,000. According to the judgment, the fine was to be paid in accordance with a plan to be developed by the United States Probation Office.

On August 21, 1992, defendant's real property was forfeited in a separate civil action. The property was forfeited pursuant to 18 U.S.C. § 2254, which requires the forfeiture of any property used to commit a child pornography offense under specified statutes, including 18 U.S.C. § 2252.

The forfeiture was affirmed on appeal. *United States v. Sunset Circle Land*, 995 F.2d 221, No. 92-4994 (5th Cir. June 2, 1993) (unpublished).

On or about December 8, 2000, the United States Attorney's Office for the Eastern District of Texas was notified that defendant was about to be paid $1,665.23 as a result of a judgment entered against the United States in a Federal Tort Claim action. Because defendant's records showed that he had not made any payments on his fines, the government filed an emergency motion to direct payment of the funds. The government requested that the Bureau of Prisons be directed to hold any checks made payable to the defendant, and that the defendant be ordered to endorse the check to the United States District Clerk's Office for the Eastern District of Texas to be applied to the fine. The motion was granted.

## Analysis

Defendant erroneously argues that the Court lacked authority to enter such an order. By statute, defendant is required to apply the amount of the judgment toward his fine. Title 18 U.S.C. § 3664(n) provides:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

Because defendant was incarcerated at the time he received the check, he was obligated to apply the judgment to his fine. Therefore, defendant's objections lack merit.

Defendant also moved to discharge his obligation to pay restitution, for a declaratory judgment that the forfeiture of his home was improper, and for an evidentiary hearing. These motions concern the propriety of the forfeiture proceeding. Defendant contends that the proceeds

from the sale of his property be applied toward his criminal fine because the forfeiture was improper. Defendant's claims concerning the propriety of the forfeiture were, or could have been, raised in the forfeiture proceeding and on direct appeal. Therefore, defendant is barred by the doctrine of *res judicata* from challenging the forfeiture. *Blakely v. United States*, 276 F.3d 853, 866-68 (6th Cir. 2002); *Cassell v. United States*, 348 F. Supp.2d 602, 604-06 (M.D.N.C. 2004).

## Recommendations

Defendant's objections to the order granting the government's motion to direct payment of funds should be overruled. Defendant's motions to discharge his obligation to pay restitution, for a declaratory judgment that the forfeiture of his home was improper, and for an evidentiary hearing should be denied.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b), and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** this ___4___ day of _____May_____, 2006.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE